## IN THE CIRCUIT COURT OF GREENE COUNTY, MISSISSIPPI

CASSANDRA JOINER AND MYRON POWELL,
INDIVIDUALLY AND AS THE WRONGFUL DEATH
BENEFICIARIES OF TYMARIO JOINER, DECEASED,
AND THE ESTATE OF TYMARIO JOINER, BY AND
THROUGH ITS REPRESENTATIVE, CASSANDRA JOINER

VS                                          CAUSE NUMBER: 2018-091-KJ

MISSISSIPPI DEPARTMENT OF CORRECTIONS,
SOUTH MISSISSIPPI CORRECTIONAL INSTITUTION,
GREENE COUNTY, MISSISSIPPI, AND
GREENE COUNTY SOLID WASTE DEPARTMENT,
DIVISIONS OF THE STATE OF MISSISSIPPI; AND
JOHN DOES 1-10

### CERTIFICATE

I, Cecelia Bounds, Clerk of the Circuit Court of Greene County, Mississippi, do hereby certify that the following papers are all true and correct copies of the original papers filed in the above styled cause as the same appears on file in my office per the attached certified docket sheet.

Given under my hand and seal of office this the ___7th___ day of January, 2019.

CECELIA BOUNDS
Circuit Clerk, Greene County, MS



Case: 21CI1:18-cv-00091     Document #: <docnum>     Filed: <datefiled>     Page 1 of 2

Pending_Fee

# Mississippi Electronic Courts
## Nineteenth Circuit Court District (Greene Circuit Court)
## CIVIL DOCKET FOR CASE #: 21CI1:18-cv-00091-KJ
### Internal Use Only

Joiner et al v. MDOC
Assigned to: Kathy King Jackson

Date Filed: 09/07/2018
Current Days Pending: 121
Total Case Age: 121
Jury Demand: Plaintiff
Nature of Suit: 185 Wrongful Death

**Plaintiff**

**Cassandra Joiner**                    represented by   **Ashley Nicole Harris**
                                                          P.O. Box 461
                                                          LELAND, MS 38756
                                                          662-580-5161
                                                          Fax: 662-580-5169
                                                          Email: ashleyharrisesq@gmail.com
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Myron Powell**                        represented by   **Ashley Nicole Harris**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Tymario Joiner Estate**               represented by   **Ashley Nicole Harris**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Mississippi Department of Corrections**

**Defendant**

**SMCI**

**Defendant**

**Greene County, Mississippi**

**Defendant**

**Greene County Solid Waste
Department**

**Defendant**

**Divisions of the State of Mississippi**

**Defendant**

**JOHN 1-10 DOES**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 09/07/2018 | 1 | Civil Cover Sheet. (Bounds, Cecelia) (Entered: 09/07/2018) |

| | | |
|---|---|---|
| 09/07/2018 | 2 | COMPLAINT UNDER THE STATE TORT CLAIMS ACT SEC 11-46-1 et seq OF THE MISSISSIPPI CODE OF 1972, AS AMENDED against Divisions of the State of Mississippi, Greene County Solid Waste Department, Greene County, Mississippi, Mississippi Department of Corrections, SMCI, JOHN 1-10 DOES, filed by Cassandra Joiner, Myron Powell. (Bounds, Cecelia) (Entered: 09/07/2018) |
| 09/10/2018 | 3 | NOTICE of Appearance by Ashley Nicole Harris on behalf of Cassandra Joiner, Myron Powell (Harris, Ashley) (Entered: 09/10/2018) |
| 12/11/2018 | 4 | SUMMONS Issued to JOHN Wayne Barrow, SR. and MDOC/Mississippi Attorney General (Green, Renee) (Entered: 12/11/2018) |
| 12/17/2018 | 5 | First AMENDED COMPLAINT against JOHN 1-10 DOES, Divisions of the State of Mississippi, Greene County Solid Waste Department, Greene County, Mississippi, Mississippi Department of Corrections, SMCI, filed by Cassandra Joiner. (Harris, Ashley) (Entered: 12/17/2018) |
| 01/03/2019 | 6 | SUMMONS Returned Executed by Cassandra Joiner. Greene County, Mississippi served on 12/27/2018, answer due 1/26/2019. Service type: Personal (Harris, Ashley) (Entered: 01/03/2019) |
| 01/03/2019 | 7 | SUMMONS Returned Executed by Cassandra Joiner. Greene County Solid Waste Department served on 12/27/2018, answer due 1/26/2019. Service type: Personal (Harris, Ashley) (Entered: 01/03/2019) |

STATE OF MISSISSIPPI, COUNTY OF GREENE
I, CECELIA BOUNDS, Circuit Clerk of Greene County,
do hereby certify that the foregoing is a true and correct
copy of _____ as the same appears
on file in my office. Given under my hand and official
seal on this the ____ day of _____ 20 __.
CECELIA BOUNDS, Circuit Clerk by _____ D.C.

**COVER SHEET**
Civil Case Filing Form
(To be completed by Attorney/Party
Prior to Filing of Pleading)

Mississippi Supreme Court
Administrative Office of Courts

| Court Identification Docket # | Case Year | Docket Number |
|---|---|---|
| County #   Judicial District   Court ID (CH, CI, CO) | Filed 09/07/2018 | Read 1-10-1911 |

Month   Date   Year
This area to be completed by clerk.

Case Number if filed prior to 1/1/94

In the CIRCUIT   Court of GREENE   County   Judicial District

**Origin of Suit (Place an "X" in one box only)**
[X] Initial Filing   [ ] Reinstated   [ ] Foreign Judgment Enrolled   [ ] Transfer from other court   [ ] Other
[ ] Remanded   [ ] Reopened   [ ] Joinder, Suit/Action   [ ] Appeal

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual: Joiner   Casandra
   Last Name   First Name   Maiden Name (if applicable)   M.I.   Jr/Sr/III/IV

[X] Estate of Tymario Joiner

Address of Plaintiff: 5832 Curie Road, Batesville, MS 38606

Attorney (Name & Address):   MS Bar No.
[X] Check if Individual Filing Initial Pleading - NOT an attorney
   Signature of Individual Filing

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual:
   Last Name   First Name   Maiden Name (if applicable)   M.I.   Jr/Sr/III/IV

Business: Mississippi Department of Corrections

Attorney (Name & Address)  If Known   MS Bar No.

**Nature of Suit (Place an "X" in one box only)**

(various checkbox categories, illegible)

IN THE CIRCUIT COURT OF GREENE COUNTY, Mississippi

_____ JUDICIAL DISTRICT, CITY OF _____

Docket No. _____ - _____ _____   Docket No. If Filed
     File Yr     Chronological No.     Clerk's Local ID   Prior to 1/1/94 _____

## PLAINTIFFS IN REFERENCED CAUSE - Page 1 of ___ Plaintiffs Pages
## IN ADDITION TO PLAINTIFF SHOWN ON CIVIL CASE FILING FORM COVER SHEET

### Plaintiff #2:

Individual: Powell _____ Myron _____ ( _____ ) _____ _____
          Last Name       First Name     Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

  Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

  Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

Business _____
      Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A _____

ATTORNEY FOR THIS PLAINTIFF: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓) ✔

### Plaintiff #3:

Individual: _____ _____ ( _____ ) _____ _____
          Last Name       First Name     Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

  Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

  Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

Business _____
      Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A _____

ATTORNEY FOR THIS PLAINTIFF: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

### Plaintiff #4:

Individual: _____ _____ ( _____ ) _____ _____
          Last Name       First Name     Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

  Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

  Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

Business _____
      Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A _____

ATTORNEY FOR THIS PLAINTIFF: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

Cause No. ___ IN THE CIRCUIT ___ COURT OF GREENE ___ Filed ___ County, Mississippi ___

_____ JUDICIAL DISTRICT, CITY OF _____

Docket No. _____ - _____ _____      Docket No. If Filed
        Filo Yr      Chronological No.      Clerk's Local ID      Prior to 1/1/94 _____

### DEFENDANTS IN REFERENCED CAUSE - Page 1 of ___ Defendants Pages
### IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant #2:**

**Individual:** _____  _____  ( _____ ) _____  _____
                      Last Name              First Name         Maiden Name, if Applicable   Middle Init.    Jr/Sr/III/IV

____ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

____ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** South Mississippi Correctional Institution
              Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

____ Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____  *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #3:**

**Individual:** _____  _____  ( _____ ) _____  _____
                      Last Name              First Name         Maiden Name, if Applicable   Middle Init.    Jr/Sr/III/IV

____ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

____ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** Greene County, Mississippi
              Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

____ Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____  *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #4:**

**Individual:** _____  _____  ( _____ ) _____  _____
                      Last Name              First Name         Maiden Name, if Applicable   Middle Init.    Jr/Sr/III/IV

____ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

____ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** Greene County Solid Waste Department
              Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

____ Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____  *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

Case: 21CI1:18-cv-00091-KJ   Document #: 2   Filed: 09/07/2018   Page 1 of 6

## IN THE CIRCUIT COURT OF GREENE COUNTY, MISSISSIPPI

**CASANDRA JOINER AND MYRON POWELL,
INDIVIDUALLY AND AS THE WRONGFUL DEATH
BENEFICIARIES OF TYMARIO JOINER, DECEASED,
AND THE ESTATE OF TYMARIO JOINER, BY AND
THROUGH ITS REPRESENTATIVE, CASANDRA JOINER**

**PLAINTIFFS**

**VS**                                          **CAUSE NUMBER:** 18-091 (2)

**MISSISSIPPI DEPARTMENT OF CORRECTIONS,
SOUTH MISSISSIPPI CORRECTIONAL INSTITUTION,
GREENE COUNTY, MISSISSIPPI, AND
GREENE COUNTY SOLID WASTE DEPARTMENT,
DIVISIONS OF THE STATE OF MISSISSIPPI; AND
JOHN DOES 1-10**

**DEFENDANTS**

## COMPLAINT UNDER THE STATE TORT CLAIMS ACT § 11-46-1 et seq OF THE MISSISSIPPI CODE OF 1972, AS AMENDED

COMES NOW Plaintiffs, Casandra Joiner and Myron Powell, individually and as the wrongful death beneficiaries of Tymario Joiner, deceased, and the Estate of Tymario Joiner, by and through its representative, Casandra Joiner, and files this suit against Mississippi Department of Corrections, South Mississippi Correctional Institution, Greene County, Mississippi, and Greene County Solid Waste Department, divisions of the state of Mississippi; and John Does 1-10, under the Mississippi Tort Claims Act, § 11-46-1 et seq of the Mississippi Code of 1972, as amended. In support thereof, the Plaintiffs state as follows:

1.

Plaintiffs, Casandra Joiner and Myron Powell, surviving parents and wrongful death beneficiaries of Tymario Joiner, deceased, are each adult resident citizens of the State of Mississippi.

2.

Defendants, Mississippi Department of Corrections ("MDOC") and South Mississippi Correctional Institution ("SMCI"), are departments of the State of Mississippi. They are being sued under the Mississippi Tort Claims Act, §11-46-1 et. seq Miss. Code Ann. of 1972. In accordance with Mississippi Rules of Civil Procedure 4(d)(5), as a department of the state, they may be served with the process of this court by delivering a copy of the Summons and Complaint to the Attorney General of the State of Mississippi.

3.

Defendants, Greene County, Mississippi ("Greene County") and Greene County Solid Waste Department ("GCSWD"), are subdivisions of the State of Mississippi which may be served with process through John W. Barrow, Sr., the President of the Board of Supervisors, at Greene County Courthouse, Leakesville, Mississippi 39451. Defendant Greene County established, operates, and maintains a public service work program through Greene County Solid Waste Department for state inmates in custody of the county. At all times pertinent to this cause of action, Defendants Greene County and GCSWD acted under color of law.

4.

Defendants John Doe (and/or John Does No. 1-10) is/are any unknown entity (and/or entities, whether individual, corporate, associate, or otherwise) whose true name, identity, and/or capacity is/are unknown to the Plaintiffs at this time; therefore, pursuant to the provisions of Rule 9(h) of the Mississippi Rules of Civil Procedure, the Plaintiffs bring this civil action against such Defendant (and/or Defendants) by such fictitious names as aforesaid. Defendant John Doe (and/or John Does No. 1-10) is/are any unknown entity (and/or entities, whether individual, corporate, associate, or otherwise) which may have committed acts which, in some manner, were the

proximate cause, or were a proximate contributing cause, of the injuries, damages, and losses suffered and sustained by the Plaintiffs as set forth in this civil action and would, therefore, be liable to the Plaintiffs for the same. The name and true identity of Defendant John Doe (and/or John Does No. 1-10) may only be discovered through the judicial processes of this Court, and, pursuant to Rule 9(h), during the course of this litigation should the Plaintiffs discover the true and actual name and identity of any entity (whether individual, corporate, associate, or otherwise) which may have committed acts of negligence and negligent acts which, in some manner, were the proximate cause, or were a proximate contributing cause, of the injuries, damages, and losses suffered and sustained by the Plaintiffs as set forth in this civil action, the Plaintiffs will amend this Complaint to state such names, identities, and capacities of such Defendant and/or Defendants when the same have been ascertained.

5.

This Court has subject matter jurisdiction in this case by virtue of §9-7-81 of Miss. Code Ann., as amended. The venue is proper in this Court as the events giving rise to this Complaint occurred and accrued in Tunica, MS as required by §11-11-3 of Miss Code Ann, as amended.

6.

Tymario Joiner ("Mr. Joiner") died on March 7, 2017. His death was proximately caused and proximately contributed to by events that occurred commencing on March 7, 2017, when he was struck and run over by a garbage truck at approximately 10:30 a.m. while performing his duties as a participant in the public service work program for inmates at the South Mississippi Correctional Institution. Upon information and belief, the agent and/or representative of MDOC and/or Greene County that was operating the garbage truck did so with malice when they struck and ran over Mr. Joiner. Agents and/or representatives of MDOC and Greene County that were at

the scene refused to provide necessary immediate medical attention to Mr. Joiner, but instead called the prison to advise of the incident. This conduct by Defendants was in violation of 42 U.S.C.A. § 1983 and U.S.C.A. Const.Amends. 8, 14. Mr. Joiner was transported back to the prison by a pickup truck nearly twenty (20) minutes later and agents and/or representatives of MDOC and Greene County interrogated him regarding his injuries and refused to provide necessary and immediate medical attention to him. This conduct by Defendants was also in violation of 42 U.S.C.A. § 1983 and U.S.C.A. Const.Amends. 8, 14. It was not until nearly an hour and thirty minutes after the incident that an ambulance arrived and transported Mr. Joiner to the hospital. It was discovered that Mr. Joiner sustained a cluster of abrasions on the left side of his abdomen and left flank; multi-focal abrasions running from the medial aspect of his left thigh down to the medial aspect of his left lower leg; a laceration to his spleen; fractures and displacement of his left ribs 2-10 into the pleural cavity; fractures of his right ribs 2-3; hemorrhages in the soft tissue adjacent to his fractured ribs; a separation of his pubic symphysis; over 600 ml of blood in his left chest cavity; and over 500 ml of blood in his abdominal cavity. After suffering nearly three (3) hours and twenty-seven (27) minutes of excruciation pain and suffering due to the Defendants' collective refusal to provide necessary and immediate medical care, Mr. Joiner was pronounced dead at 3:57 p.m. The Defendants intentional and/or negligent infliction of emotional distress, negligent hiring and training, general negligence, failure to render medical attention, and violations of 42 U.S.C.A. § 1983 and U.S.C.A. Const.Amends. 8, 14, proximately caused and proximately contributed to the cause of Mr. Joiner's injuries and death, as well as the Plaintiffs injuries and damages.

7.

Prior to his death, and while in the care of Defendants, Tymario Joiner endured long hours of pain, suffering and mental anguish as a result of his injuries. All of said damages were

proximately caused and proximally contributed to by the Defendants conduct. Mr. Joiner's wrongful death beneficiaries are entitled to recover damages resulting from such pain and suffering under the survival action portion of § 11-7-13 of the Mississippi Code of 1972, as amended.

8.

Plaintiffs, as the wrongful death beneficiaries of Tymario Joiner, are entitled to recover all damages, including the net present cash value of his lost earning capacity, his pain, suffering and mental anguish, loss of enjoyment of life, and funeral expenses. That the wrongful death beneficiaries have each lost the love, society and companionship which each had a reasonable expectation of receiving from Tymario Joiner had his death not been proximately caused by the actions and negligence of the Defendants. That the wrongful death beneficiaries are entitled to all damages allowed by § 11-7-13 of the Mississippi Code of 1972, as amended.

9.

Plaintiffs have exhausted all the Administrative Remedies required to be followed by the Mississippi Tort Claims Act, § 11-46-1 and § 11-46-11 of the Mississippi Code of 1972, as amended. On or about March 15, 2017, an administrative claim on plaintiffs' behalf was received by the Mississippi Department of Corrections under the Mississippi Tort Claims Act, 11-46-1 et seq. Plaintiffs have not received any denial of their claims in accordance with Miss. Code Ann. § 11-46-11(3)(c). The stay and tolling provision of the Tort Claims Act have now expired. This claim has therefore been properly presented to MDOC for administrative processing and this court has jurisdiction to hear this lawsuit which has been timely filed within the 90 additional days provided for filing after the expiration of the stay.

Wherefore, Plaintiffs demand judgment against the Defendants in the amount of Three

Million Dollars ($3,000,000.00), or such greater amount as allowed under the Mississippi Tort

Claim Act §11-46-15 Miss. Code Ann. (1972, as amended). If Defendants have liability insurance

coverage within the meaning of §11-46-16 Miss. Code Ann. (1972, as amended), then the amount

of money damages sought is the per claim limit up to Five Million Dollars ($5,000,000.00), plus

all costs of Court and post-judgment interest.

Respectfully submitted, this the 7TH day of September, 2018.

Casandra Joiner, *pro se*
5832 Curtis Road
Batesville, Mississippi 38606
Phone: (662) 380-3499

Myron Powell, *pro se*
241 George Thomas Lane
Batesville, Mississippi 38606
Phone: (662) 934-7994

IN THE CIRCUIT COURT OF GREENE COUNTY, MISSISSIPPI

CASSANDRA JOINER AND MYRON POWELL,
INDIVIDUALLY AND AS THE WRONGFUL DEATH
BENEFICIARIES OF TYMARIO JOINER, DECEASED,
AND THE ESTATE OF TYMARIO JOINER, BY AND
THROUGH ITS REPRESENTATIVE, CASSANDRA JOINER      **PLAINTIFFS**

V.                                              CAUSE NO: 18-091(2)

MISSISSIPPI DEPARTMENT OF CORRECTIONS,
SOUTH MISSISSIPPI CORRECTIONAL INSTITUTION,
GREENE COUNTY, MISSISSIPPI, AND
GREENE COUNTY SOLID WASTE DEPARTMENT,
DIVISIONS OF THE STATE OF MISSISSIPPI; AND
JOHN DOES 1-10                                  **DEFENDANTS**

## NOTICE OF APPEARANCE OF COUNSEL

COMES NOW, ASHLEY N. HARRIS, The Law Office of Ashley N. Harris,

PLLC, hereby files her notice of appearance as counsel of record for the Plaintiffs in the

above-styled cause.

RESPECTFULLY SUBMITTED this the 10th day of September, 2018.

The Law Office of Ashley N. Harris, PLLC
Post Office Box 461
Leland, MS 38756
T: 662-580-5161
F: 662-580-5169
E: ashleyharrisesq@gmail.com
**ATTORNEY FOR PLAINTIFFS**

Case: 21CI1:18-cv-00091-KJ   Document #: 4   Filed: 12/11/2018   Page 1 of 2

IN THE CIRCUIT COURT OF GREENE COUNTY, MISSISSIPPI

CASANDRA JOINER AND MYRON POWELL,
INDIVIDUALLY AND AS THE WRONGFUL DEATH
BENEFICIARIES OF TYMARIO JOINER, DECEASED,
AND THE ESTATE OF TYMARIO JOINER, BY AND
THROUGH ITS REPRESENTATIVE, CASANDRA JOINER                    **PLAINTIFFS**

VS                                             **CAUSE NUMBER: 18-091(2)**

MISSISSIPPI DEPARTMENT OF CORRECTIONS,
SOUTH MISSISSIPPI CORRECTIONAL INSTITUTION,
GREENE COUNTY, MISSISSIPPI, AND
GREENE COUNTY SOLID WASTE DEPARTMENT,
DIVISIONS OF THE STATE OF MISSISSIPPI; AND
JOHN DOES 1-10                                              **DEFENDANTS**

## SUMMONS
### (By Sheriff or Process Server)

**To any Sheriff or any other person authorized by Rule 4(b)(2) of the Mississippi Rules of Civil Procedure:**

You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon Greene County, Mississippi by serving John Wayne Barrow, Sr., Greene County Courthouse, 400 Main Street, Leakesville, MS 39451, by (A) promptly locating the said Defendant and handing him a copy of this Summons and Complaint or, (B) in the event you are unable to so proceed because the Defendant cannot be found, by leaving a copy of the Summons and Complaint at the Defendant's usual place of abode with his spouse or some other person of Defendant's family above the age of sixteen years who is willing to receive same.

### NOTICE TO DEFENDANT
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written Answer either admitting or denying each allegation in the Complaint, to attorney for Plaintiffs, Ashley N. Harris whose address is Post Office Box 462, Leland, Mississippi 38756.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGEMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

CECELIA ROUNDS, Circuit Clerk

_____Rena Caver_____  D.C.

DATED: 12/11/18

Case: 21CI1-18-cv-00091-KJ   Document #: 4   Filed: 12/11/2018   Page 2 of 2

IN THE CIRCUIT COURT OF GREENE COUNTY, MISSISSIPPI

CASANDRA JOINER AND MYRON POWELL,
INDIVIDUALLY AND AS THE WRONGFUL DEATH
BENEFICIARIES OF TYMARIO JOINER, DECEASED,
AND THE ESTATE OF TYMARIO JOINER, BY AND
THROUGH ITS REPRESENTATIVE, CASANDRA JOINER          **PLAINTIFFS**

VS                                    CAUSE NUMBER: 18-091(2)

MISSISSIPPI DEPARTMENT OF CORRECTIONS,
SOUTH MISSISSIPPI CORRECTIONAL INSTITUTION,
GREENE COUNTY, MISSISSIPPI, AND
GREENE COUNTY SOLID WASTE DEPARTMENT,
DIVISIONS OF THE STATE OF MISSISSIPPI; AND
JOHN DOES 1-10                                       **DEFENDANTS**

## SUMMONS
(By Sheriff or Process Server)

To any *Sheriff or any other person authorized by Rule 4(b)(2) of the Mississippi Rules of Civil Procedure*:

You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon MDOC c/o Mississippi Attorney General, 550 High Street, Jackson, MS 39201, by (A) promptly locating the said Defendant and handing him a copy of this Summons and Complaint or, (B) in the event you are unable to so proceed because the Defendant cannot be found, by leaving a copy of the Summons and Complaint at the Defendant's usual place of abode with his spouse or some other person of Defendant's family above the age of sixteen years who is willing to receive same.

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written *Answer* either admitting or denying each allegation in the Complaint, to attorney for Plaintiffs, Ashley N. Harris whose address is Post Office Box 461, Leland, Mississippi 38756.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

CECELIA BOUNDS, Circuit Clerk

_____ D.C.

DATED: 12/11/18

IN THE CIRCUIT COURT OF GREENE COUNTY, MISSISSIPPI

CASANDRA JOINER AND MYRON POWELL,
INDIVIDUALLY AND AS THE WRONGUL DEATH
BENEFICIARIES OF TYMARIO JOINER, DECEASED,
AND THE ESTATE OF TYMARIO JOINER, BY AND
THROUGH ITS REPRESENTATIVE,
CASANDRA JOINER                                    PLAINTIFFS

VS.                                      CAUSE NO. 18-091(2)

MISSISSIPPI DEPARTMENT OF CORRECTIONS,
SOUTH MISSISSIPPI CORRECTIONAL INSTITUTION,
GREENE COUNTY, MISSISSIPPI, AND
GREENE COUNTY SOLID WASTE DEPARTMENT,
DIVISIONS OF THE STATE OF MISSISSIPPI; AND
JOHN DOES 1-10                                     DEFENDANTS

## AMENDED COMPLAINT

COME NOW Plaintiffs, Casandra Joiner and Myron Powell, individually and

as the wrongful death beneficiaries of Tymario Joiner, deceased, and the Estate

of Tymario Joiner, by and through its representative, Casandra Joiner, and file

this suit against Mississippi Department of Corrections, South Mississippi

Correctional Institution, Greene County, Mississippi, and Greene County Solid

Waste Department, divisions of the state of Mississippi; and John Does 1-10, under

the Mississippi Tort Claims Act, § 11-46-1 et seq of the Mississippi Code of 1972,

as amended and §§1983 and 1988 of 42 U.S.C., and for grounds would show as

follows:

1

1.

Plaintiffs, Casandra Joiner and Myron Powell, surviving parents and wrongful death beneficiaries of Tymario Joiner, deceased, are each adult resident citizens of the state of Mississippi.

2.

Defendants, Mississippi Department of Corrections ("MDOC") and South Mississippi Correctional Institution ("SMCI") are departments of the state of Mississippi. They are being sued under the Mississippi Tort Claims Act, § 11-46-1 et. Seq Miss. Code. Of 1972 and under 42 U.S.C. §§ 1983 and 1988. In accordance with Mississippi Rules of Civil Procedure 4(d)(5), as a department of the state, they may be served with the process of this court by delivering a copy of the Summons and Complaint to the Attorney General of the State of Mississippi.

3.

Defendants, Greene County, Mississippi ("Greene County") and Greene County Solid Waste Department ("GCSWD") are subdivisions of the state of Mississippi which may be served with process through John W. Barrow, Sr., the President of the Board of Supervisors, at Greene County Courthouse, Leakesville, Mississippi 39451. Defendant Greene County established, operates, and maintains a public service work program through Greene County Solid Waste Department for

2

state inmates in custody of the county. At all times pertinent to this cause of action, Defendants Greene County and GCSWD acted under color of law.

4.

Defendants John Doe (and/or John Does No. 1-10) is/are any unknown entity (and/or entities, whether individual, corporate, associate, or otherwise) whose true name, identity, and/or capacity is/are unknown to the Plaintiffs at this time; therefore, pursuant to the provisions of Rule 9(h) of the Mississippi Rules of Civil Procedure, the Plaintiffs bring this civil action against such Defendant (and/or Defendants) by such fictitious names as aforesaid. Defendant John Does (and/or John Does No. 1-10) is/are any unknown entity (and/or entities, whether individual, corporate, associate, or otherwise) which may have committed acts which, in some manner, were the proximate cause, or were a proximate contributing cause, of the injuries, damages, and losses suffered and sustained by the Plaintiffs as set forth in this civil action and would, therefore, be liable to the Plaintiffs for the same. The name and true identity of Defendant John Doe (and/or John Does No. 1-10) may only be discovered through the judicial processes of this Court, and, pursuant to Rule 9(h), during the course of this litigation should the Plaintiffs discover the true and actual name and identity of any entity (whether individual, corporate, associate, or otherwise) which may have committed acts of negligence and

3

negligent acts which, in some manner, were the proximate cause, or were a

proximate contributing cause, of the injuries, damages, and losses suffered and

sustained by the Plaintiffs as set forth in this civil action.  The Plaintiffs will

amend this complaint to state such names, identities, and capacities of such

Defendant and/or Defendants when the same have been ascertained.

5.

This Court has subject matter jurisdiction in this case by virtue of § 9-7-81

of Miss. Code Ann., as amended.  The venue is proper in this Court as the events

giving rise to this Complaint occurred and accrued in Greene County, Mississippi as

required by § 11-11-3 of Miss. Code Ann., as amended.

6.

Tymario Joiner ("Mr. Joiner") died on March 7, 2017.  His death was

proximately caused and proximately contributed to by events that occurred

commencing on March 7, 2017, when he was struck and run over by a garbage truck

at approximately 10:30 a.m. while performing his duties as a participant in the

public service work program for inmates at the South Mississippi Correctional

Institution.  Upon information and belief, the agent and/or representative of

MDOC and/or Greene County that was operating the garbage truck did so with

malice when he struck and ran over Mr. Joiner.  Agents and/or representatives of

4

MDOC and Greene County that were at the scene refused to provide necessary immediate medical attention to Mr. Joiner, but instead called the prison to advise of the incident. This conduct by Defendants was in violation of 42 U.S.C.A. § 1983 and U.S.C.A. Const. Amends. 8 and 14. Mr. Joiner was transported back to the prison by a pickup truck nearly 20 minutes later and agents and/or representatives of MDOC and Greene County interrogated him regarding his injuries and refused to provide necessary and immediate medical attention to him. This conduct by Defendants was also in violation of 42 U.S.C.A. § 1983 and U.S.C.A. Const. Amends. 8 and 14. It was not until an hour and thirty minutes after the incident that ambulance arrived and transported Mr. Joiner to the hospital. It was discovered that Mr. Joiner sustained a cluster of abrasions on the left side of his abdomen and left flank; multi-focal abrasions running from the medial aspect of his left thigh down to the medial aspect of his left lower leg; a laceration to his spleen; fractures and displacement of his left ribs 2-10 into the pleural cavity; fractures of his right ribs 2-3; hemorrhages in the soft tissue adjacent to his fractured ribs; a separation of his pubic symphysis; over 600 ml of blood in his left chest cavity; and over 500 ml of blood in his abdominal cavity. After suffering nearly three (3) hours and twenty-seven (27) minutes of excruciating pain and suffering due to the Defendants' collective refusal to provide necessary and immediate

5

medical care, Mr. Joiner was pronounced dead at 3:57 p.m.  The Defendants'
intentional and/or negligent infliction of emotional distress, negligent hiring and
training, general negligence, failure to render medical attention, and violations of
42 U.S.C.A. § 1983 and U.S.C.A. Const. Amends. 8 and 14, proximately caused and
proximately contributed to the cause of Mr. Joiner's injuries and death, as well as
the Plaintiffs' injuries and damages.

## 7.

Prior to his death, and while in the care of Defendants, Tymario Joiner
endured long hours of pain, suffering and mental anguish as a result of his injuries.
All of said damages were proximately caused and proximately contributed to by
the Defendants' conduct.  Mr. Joiner's wrongful death beneficiaries are entitled to
recover damages resulting from such pain and suffering under the survival action
portion of § 11-7-13 of the Mississippi Code of 1972, as amended.

## 8.

Plaintiffs, as the wrongful death beneficiaries of Tymario Joiner, are
entitled to recover all damages, including the net present cash value of his lost
earning capacity, his pain, suffering and mental anguish, loss of enjoyment of life,
and funeral expenses.  The wrongful death beneficiaries have each lost the love,
society and companionship which each had a reasonable expectation of receiving

6

from Tymario Joiner had his death not been proximately caused by the actions and negligence of the Defendants. The wrongful death beneficiaries are entitled to all damages allowed by § 11-7-13 of the Mississippi Code of 1972, as amended, and §§ 1983 and 1988 of 42 U.S.C.A.

9.

Plaintiffs have exhausted all the administrative remedies required to be followed by the Mississippi Tort Claims Act, § 11-46-1 and § 11-46-11 of the Mississippi Code of 1972, as amended. On or about March 15, 2017, an administrative claim on plaintiffs' behalf was received by the Mississippi Department of Corrections under the Mississippi Tort Claims Act, 11-46-1 et seq. Plaintiffs have not received any denial of their claims in accordance with Miss. Code Ann. § 11-46-11(3)(c). The stay and tolling provisions of the Tort Claims Act have now expired. This claim has therefore been properly presented to MDOC for administrative processing and this court has jurisdiction to hear this lawsuit which has been timely filed within the 90 additional days provided for filing after the expiration of the stay.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray this matter be set for trial at the earliest practicable date, and further demand judgment against the Defendants in the amount of Three Million Dollars ($3,000,000.00), or such

greater amount as allowed under the Mississippi Tort Claims Act § 11-46-15 Miss.

Code Ann. (1972 as amended) and §§ 1983 and 1988 of 42 U.S.C.A.  If Defendants

have liability insurance coverage within the meaning of § 11-46-16 Miss. Code Ann.

(1972, as amended), then the amount of money damages sought is the per claim

limit up to Five Million Dollars ($5,000,000.00), plus Attorneys fees and all costs

of Court and post-judgment interest.

RESPECTFULLY SUBMITTED, this the 17th day of December, 2018.

THE LAW OFFICE OF ASHLEY N. HARRIS, PLLC
Post Office Box 461
Leland, MS 38756
T: 662-580-5161
F: 662-580-5169
MSB # 104621
**Attorney for Plaintiffs**

8

Case: 21C11:18-cv-00091-KJ   Document #: 6   Filed: 01/03/2019   Page 1 of 2

## IN THE CIRCUIT COURT OF GREENE COUNTY, MISSISSIPPI

CASANDRA JOINER AND MYRON POWELL,
INDIVIDUALLY AND AS THE WRONGFUL DEATH
BENEFICIARIES OF TYMARIO JOINER, DECEASED,
AND THE ESTATE OF TYMARIO JOINER, BY AND
THROUGH ITS REPRESENTATIVE, CASANDRA JOINER                    **PLAINTIFFS**

**VS**                                                          **CAUSE NUMBER: 18-091(2)**

MISSISSIPPI DEPARTMENT OF CORRECTIONS,
SOUTH MISSISSIPPI CORRECTIONAL INSTITUTION,
GREENE COUNTY, MISSISSIPPI, AND
GREENE COUNTY SOLID WASTE DEPARTMENT,
DIVISIONS OF THE STATE OF MISSISSIPPI; AND
JOHN DOES 1-10                                                  **DEFENDANTS**

### SUMMONS
(By Sheriff or Process Server)

**To any Sheriff or any other person authorized by Rule 4(b)(2) of the Mississippi Rules of Civil Procedure:**

You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon Greene County, Mississippi by serving John Wayne Barrow, Sr., Greene County Courthouse, 400 Main Street, Leakesville, MS 39451, by (A) promptly locating the said Defendant and handing him a copy of this Summons and Complaint or, (B) in the event you are unable to so proceed because the Defendant cannot be found, by leaving a copy of the Summons and Complaint at the Defendant's usual place of abode with his spouse or some other person of Defendant's family above the age of sixteen years who is willing to receive same.

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written Answer either admitting or denying each allegation in the Complaint, to attorney for Plaintiffs, Ashley N. Harris whose address is Post Office Box 461, Leland, Mississippi 38756.

**THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.**

You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

CECELIA BOUNDS, Circuit Clerk

_____ D.C.

DATED: 12/11/18

## SHERIFF'S RETURN

STATE OF MISSISSIPPI
COUNTY OF GREENE

(✓) I personally delivered copies of the SUMMONS and COMPLAINT on the 27 day of _December_, 2018 to the NAMED PERSON herein.

( ) After exercising reasonable diligence, I was unable to deliver copies of the Complaint to _____. I served the Complaint on the ___ day of _____, 2018, at the

_____, who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the Complaint, and thereafter on the ___ day of _____, ___ I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

( ) I was unable to serve the Complaint.

Sheriff of Greene County, Mississippi

By: _____ D.S.

(Note: All summons issued to the Sheriff must be returned within thirty days from the day the Summons was received by the Sheriff pursuant to the requirements of Mississippi Rule of Civil Procedure 4(c)(2)).

IN THE CIRCUIT COURT OF GREENE COUNTY, MISSISSIPPI

CASANDRA JOINER AND MYRON POWELL,
INDIVIDUALLY AND AS THE WRONGFUL DEATH
BENEFICIARIES OF TYMARIO JOINER, DECEASED,
AND THE ESTATE OF TYMARIO JOINER, BY AND
THROUGH ITS REPRESENTATIVE, CASANDRA JOINER                    **PLAINTIFFS**

**VS**                                                          **CAUSE NUMBER: 18-091(2)**

MISSISSIPPI DEPARTMENT OF CORRECTIONS,
SOUTH MISSISSIPPI CORRECTIONAL INSTITUTION,
GREENE COUNTY, MISSISSIPPI, AND
GREENE COUNTY SOLID WASTE DEPARTMENT,
DIVISIONS OF THE STATE OF MISSISSIPPI; AND
JOHN DOES 1-10                                                 **DEFENDANTS**

## SUMMONS
(By Sheriff or Process Server)

**To any Sheriff or any other person authorized by Rule 4(b)(2) of the Mississippi Rules of Civil Procedure:**

You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon Greene County Solid Waste Department by serving John Wayne Barrow, Sr., Greene County Courthouse, 400 Main Street, Leakesville, MS 39451, by (A) promptly locating the said Defendant and handing him a copy of this Summons and Complaint or, (B) in the event you are unable to so proceed because the Defendant cannot be found, by leaving a copy of the Summons and Complaint at the Defendant's usual place of abode with his spouse or some other person of Defendant's family above the age of sixteen years who is willing to receive same.

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written Answer either admitting or denying each allegation in the Complaint, to attorney for Plaintiffs, Ashley N. Harris whose address is Post Office Box 461, Leland, Mississippi 38756.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

CECELIA BOUNDS, Circuit Clerk

_____ D.C.

DATED: 12/4/18

## SHERIFF'S RETURN

**STATE OF MISSISSIPPI**
**COUNTY OF GREENE**

    (✓)    I personally delivered copies of the SUMMONS and COMPLAINT on the 27 day of _December_, 2018 to the NAMED PERSON herein.

    ( )    After exercising reasonable diligence, I was unable to deliver copies of the Complaint to _____. I served the Complaint on the ___ day of _____, 2018, at the usual place of abode of:
_____, by leaving a true copy with:
_____, who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the Complaint, and thereafter on the ____ day of _____, ___ I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

    ( )    I was unable to serve the Complaint.

                    Sheriff of Greene County, Mississippi

                    By: _____, D.S.

(Note: All summons issued to the Sheriff must be returned within thirty days from the day the Summons was received by the Sheriff pursuant to the requirements of Mississippi Rule of Civil Procedure 4(c)(2)).