IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| CASANDRA JOINER and MYRON POWELL, individually and as the wrongful death beneficiaries of TYMARIO JOINER, deceased, and the estate of TYMARIO JOINER, by and through its representative CASANDRA JOINER | PLAINTIFFS |
| v. | Civil No. 1:19cv14-HSO-JCG |
| MISSISSIPPI DEPARTMENT OF CORRECTIONS, SOUTH MISSISSIPPI CORRECTIONAL INSTITUTION, GREENE COUNTY, MISSISSIPPI, and GREENE COUNTY SOLID WASTE DEPARTMENT, DIVISIONS OF THE STATE OF MISSISSIPPI, and JOHN DOES 1-10 | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS'
MOTION [11] TO REMAND AND GRANTING DEFENDANTS MISSISSIPPI
DEPARTMENT OF CORRECTIONS AND SOUTH MISSISSIPPI
CORRECTIONAL INSTITUTION'S MOTION [4] TO DISMISS**

BEFORE THE COURT are two Motions: 1) a Motion [11] to Remand filed by Plaintiffs Casandra Joiner, Myron Powell, and the estate of Tymario Joiner (collectively, "Plaintiffs"); and 2) a Motion [4] to Dismiss filed by Defendants Mississippi Department of Corrections ("MDOC") and the South Mississippi Correctional Institution ("SMCI").

After review of the parties' motions, the record, and relevant legal authority, the Court finds that Plaintiffs pled in their First Amended Complaint a federal claim under 42 U.S.C. §§ 1983 and 1988, State Ct. R. [1-1] at 16, such that removal was proper and this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiffs' Motion [11] to Remand should be denied.

Next, the Court finds persuasive the argument set forth in the Motion [4] to Dismiss filed by Defendants MDOC and SMCI. Plaintiffs' First Amended Complaint is subject to dismissal as to these two Defendants, because MDOC and SMCI are not "persons" within the meaning of 42 U.S.C. § 1983. In addition, Plaintiffs' state law claims against these Defendants should be dismissed because the State of Mississippi has not waived sovereign immunity for claimants who were incarcerated at the time at which the claim arose. The Court will grant the Motion [4] to Dismiss the claims against Defendants MDOC and SMCI.

## I. BACKGROUND

A. Factual Background

On March 7, 2017, Tymario Joiner ("Tymario") was an incarcerated inmate participating in the public work service program at SMCI. State Ct. R. [1-1] at 19. The program was operated by Defendant SMCI. *Id.* Unfortunately, at 10:30 am, as Tymario was performing his duties as a participant in the program, a garbage truck struck him.[1] *Id.* Plaintiffs allege that MDOC and Greene County officials notified

---

[1] The record is unclear about the exact nature of the duties Tymario was performing at the time of this incident.

SMCI of the incident, *id.* at 20, and that about 20 minutes later, they transported Tymario to SMCI where they questioned him regarding his injuries. *Id.* After approximately one and a half hours, an ambulance arrived and transported Tymario to the hospital. *Id.* He sustained numerous injuries from the incident and was pronounced dead at the hospital at 3:57 pm. *Id.*

B.  Procedural History

Plaintiffs filed a Complaint on September 7, 2018, in the Circuit Court of Greene County, Mississippi, Notice of Removal [1] at 1, followed by a First Amended Complaint on December 17, 2018, *id.* at 2. The First Amended Complaint advances causes of action against Defendants under the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.*, and 42 U.S.C. §§ 1983 and 1988. State Ct. Record [1-1] at 22. Process was served on Defendants Greene County and Greene County Solid Waste Department on December 27, 2018, Notice of Removal [1] at 2, and on January 11, 2019, Defendants Greene County and Greene County Solid Waste Department filed a Notice of Removal in this Court, *id.* at 1. Defendants MDOC and SMCI joined the Notice of Removal on January 16, 2019. Joinder of Notice of Removal [3] at 1.

II. DISCUSSION

A.  Plaintiffs' Motion [11] to Remand

Plaintiffs argue that this case should be remanded to the Circuit Court of Greene County, Mississippi, because the claims are "largely based on violations of state law." Mem. in Supp. of Mot. to Remand [12] at 1. They contend that the

3

issues of state law are complex and predominate over the federal law claims. *Id.* at 3.

1. <u>Legal Standard</u>

28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court when the district courts have original jurisdiction. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1331, federal district courts are granted original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A suit arises under federal law only when a plaintiff's statement of his own cause of action in the complaint shows that the action is based upon federal law. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Under the well-pleaded complaint rule, "unless *the plaintiff's* complaint establishes that the case arises under federal law," a defendant may not remove a case to federal court based on federal question jurisdiction. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983) (emphasis in original).

Under 28 U.S.C. § 1367, when district courts have original jurisdiction in a civil action, they also have supplemental jurisdiction over all other claims that are so related to claims over which the court has original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a). Claims form part of the same case or controversy when they arise from a "common nucleus of operative fact" such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). A court may decline to exercise supplemental jurisdiction if:

4

> (1) the claim raises a novel or complex issue of state law;
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
> (3) the district court has dismissed all claims over which it has original jurisdiction; or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The Fifth Circuit also requires a court to consider judicial economy, convenience, fairness, and comity. *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

2.  Federal question jurisdiction exists based upon Plaintiffs' Section 1983 claim.

On its face, the First Amended Complaint states a cause of action pursuant to 42 U.S.C. § 1983. State Ct. R. [1-1] at 16. Section 1983 is a federal law and, therefore, Plaintiffs' claim arises under federal law. Because the face of Plaintiffs' First Amended Complaint demonstrates that this action arises under federal law, *see Vaden*, 556 U.S. at 59–61, this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331.

Plaintiffs' state law claims arise out of the same incident as the Section 1983 claim. All of Plaintiffs' allegations derive from the March 7, 2017, incident, where a garbage truck struck Tymario, and actions Defendants are alleged to have taken in the hours that followed. There is no differentiation in the pleadings between the facts required to prove the elements of the Section 1983 claim and the facts required to prove the state law claims. These arise from a "common nucleus of operative fact" such that a plaintiff "would ordinarily be expected to try them all in one

judicial proceeding." For this reason, the Court may exercise supplemental jurisdiction over the state law claims.

Plaintiffs' argument for remand on grounds that the state law claims predominate and raise complex issues of state law is unpersuasive. As addressed further below, the state claims involve a well-settled issue of state law. *See Sparks v. Kim*, 701 So. 2d 1113, 1114 (Miss. 1997) (stating the Mississippi Tort Claims Act exception for prisoner claims applies to a wrongful death action against the State or its employees). The Fifth Circuit has affirmed decisions of district courts to retain supplemental jurisdiction after all federal claims have been dismissed when the "remaining issues were not complex, were well-known to the court, and were ripe for summary disposition." *Mendoza*, 532 F.3d at 346 (discussing *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002); *see also Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (noting that the absence of difficult state law questions can weigh heavily in favor of retaining jurisdiction). Here, the Mississippi Supreme Court has given clear direction on the state issues in this case. Considerations of judicial economy and convenience weigh in favor of exercising supplemental jurisdiction over the state law claims, where this Court can easily decide the issues. Therefore, this Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

B.  <u>Defendants MDOC and SMCI's Motion [4] to Dismiss</u>

Defendants MDOC and SMCI argue that the First Amended Complaint should be dismissed, as against them, under Federal Rule Civil Procedure 12(b)(6)

6

because MDOC and SMCI are not "persons" for purposes of Section 1983 liability. They further contend that the inmate exception to the Mississippi Tort Claims Act bars Plaintiffs' state law claims against them. Mot. To Dismiss [4] at 2.

1. <u>Legal standard</u>

Under Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must accept "all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 290 (5th Cir. 2016) (quotation omitted).

2. <u>Defendants MDOC and SMCI are not "persons" who may be sued under Section 1983.</u>

Under 42 U.S.C. § 1983, a plaintiff may bring a cause of action for civil rights violations only against "persons." 42 U.S.C. § 1983. A state, its officials working in their official capacity, and entities that are considered 'arms of the State' for Eleventh Amendment purposes, are not persons subject to suit within the meaning of Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 70 (1989). The Fifth Circuit utilizes the following six factors to determine if an entity qualifies as an 'arm of the State' for purposes of the Eleventh Amendment:

> (1) whether state statutes and case law view the entity as an arm of the state;
> (2) the source of the entity's funding;

7

>    (3) the entity's degree of local autonomy;
>    (4) whether the entity is concerned primarily with local, as opposed to statewide, problems;
>    (5) whether the entity has the authority to sue and be sued in its own name; and
>    (6) whether the entity has the right to hold and use property.

*Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326–27 (5th Cir. 2002). "No one factor is dispositive," however, the funding of the entity is "a particularly important factor because a principal goal of the Eleventh Amendment is to protect state treasuries." *Id.* at 327.

MDOC is an agency of the State of Mississippi as it is created by state statute, Miss. Code Ann. § 47-5-8, and it is funded by the State, Miss. Code Ann. § 47-5-77 ("All bills and accounts of said correctional system shall be paid from appropriations made by the Legislature."). MDOC is primarily concerned with the confinement of inmates throughout the State, Miss. Code Ann. § 47-5-10, and consequently, under the third and fourth factors its degree of any local autonomy and concern do not override its state concerns. MDOC can be sued in its own name. Miss. Code Ann. § 47-5-75. Finally, MDOC is authorized to hold and use property. Miss. Code Ann. § 47-5-8(3). Based on an evaluation of all six factors, MDOC is an arm of the State for purposes of Eleventh Amendment immunity, and cannot be sued as a person under Section 1983. *Wedgeworth v. Mississippi*, No. 3:17CV730-CWR-FKB, 2018 WL 1463496, at *4 (S.D. Miss. Mar. 3, 2018); *see also Scott v. Miss. Dep't of Corr.*, No. 2:05cv2159-KS-JMR, 2006 WL 1666258 (S.D. Miss. June 12, 2006).

SMCI is a state prison operated by MDOC. State prisons and jails do not have the authority to sue or be sued in their own name. *Merrill v. St. Bernard Par. Prison*, No. CIV.A. 13-5834, 2014 WL 991688, at *9 (E.D. La. Mar. 10, 2014); *see Winding v. Switzer*, No. 5:16CV4-KS-MTP, 2016 WL 1248957, at *2 (S.D. Miss. Mar. 28, 2016) (finding that a jail is not a legal entity under Mississippi law); *see also Brown v. Thompson*, 927 So. 2d 733, 737 (Miss. 2006) (holding a sheriff's department is not a political subdivision that can be sued within the meaning of the Mississippi Tort Claims Act because of its relationship to the county).

Neither MDOC nor SMCI may be sued under Section 1983 because they are not "persons" within the meaning of the statute. The First Amended Complaint fails to state a claim upon which relief may be granted under Section 1983 as to these Defendants.

3. <u>Mississippi has not waived sovereign immunity for Plaintiffs' claims against MDOC and SMCI under the inmate exception to the Mississippi Tort Claims Act.</u>

The Mississippi Tort Claims Act does not waive Eleventh Amendment immunity for claims that arise when the claimant is an "inmate of any detention center, jail, workhouse, penal farm, penitentiary or other institution." Miss. Code Ann. § 11-46-9. The Mississippi Supreme Court has stated that this provision also applies to a wrongful death action against the State or its employees. *Sparks*, 701 So. 2d at 1114. Because it is undisputed that these events occurred while Tymario was incarcerated, the Mississippi Tort Claims Act bars Plaintiffs' state law claim against MDOC and SMCI.

III. CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiffs' Motion [11] to Remand is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [4] to Dismiss filed by Defendants MDOC and SMCI is **GRANTED**, and Plaintiffs' claims against Defendants MDOC and SMCI are **DISMISSED**.

**SO ORDERED AND ADJUDGED**, this the 5th day of September, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE