IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **CASANDRA JOINER and MYRON POWELL, individually and as the wrongful death beneficiaries of TYMARIO JOINER, deceased, and the Estate of TYMARIO JOINER, by and through its representative CASANDRA JOINER** | **PLAINTIFFS** |
| v. | Civil No. 1:19cv14-HSO-JCG |
| **GREENE COUNTY, MISSISSIPPI, Division of the State of Mississippi, GREENE COUNTY SOLID WASTE DEPARTMENT, Division of the State of Mississippi, and JOHN DOES 1-10** | **DEFENDANTS** |

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT GREENE COUNTY SOLID WASTE DEPARTMENT'S MOTION [20] FOR JUDGMENT ON THE PLEADINGS**

BEFORE THE COURT is Defendant Greene County Solid Waste Department's Motion [20] for Judgment on the Pleadings. After review of the Motion, the record, and relevant legal authority, the Court finds that Defendant's Motion [20] for Judgment on the Pleadings should be denied without prejudice.

I. BACKGROUND

A.   Factual Background

On March 7, 2017, Tymario Joiner ("Tymario") was an incarcerated inmate participating in the public work service program at South Mississippi Correctional

1

Institution ("SMCI"). First Am. Compl. [1-1], at 19. Unfortunately, a garbage truck struck and ran over Tymario at approximately 10:30 am while he was performing his duties as a participant in the program.[1] *Id.* Plaintiffs allege that Mississippi Department of Corrections ("MDOC") and Greene County officials called SMCI to advise it of the incident, *id.* at 20, and that about 20 minutes later, officials transported Tymario back to SMCI where they questioned him regarding his injuries, *id.* After approximately one and a half hours, an ambulance arrived and transported Tymario to the hospital. *Id.* He sustained numerous injuries from the incident and was pronounced dead at the hospital at 3:57 pm. *Id.*

B. <u>Procedural History</u>

Plaintiffs filed a Complaint on September 7, 2018, in the Circuit Court of Greene County, Mississippi, Notice of Removal [1] at 1, followed by a First Amended Complaint on December 17, 2018, *id.* at 2. The First Amended Complaint advanced causes of action against Defendants MDOC, SMCI, Greene County, Mississippi ("Greene County"), Greene County Solid Waste Department ("GCSWD"), and John Does 1-10 under the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.*, and 42 U.S.C. §§ 1983 and 1988. State Ct. R. [1-1] at 22. Process was served on Defendants Greene County and GCSWD on December 27, 2018, Notice of Removal [1] at 2, and on January 11, 2019, Defendants Greene County and GCSWD filed a Notice of Removal in this Court, *id.* at 1. MDOC and SMCI joined the Notice of Removal on January 16, 2019. Joinder of Notice of

---

[1] It is unclear the exact nature of the duties Tymario was performing when he was struck.

Removal [3] at 1. MDOC and SMCI were dismissed by an Order of this Court on September 5, 2019. *See* Order [18].

GCSWD filed the present Motion [20] for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) on October 14, 2019, arguing that it should be dismissed because it is not a political subdivision capable of being sued and is thus not a proper party to this lawsuit. Mot. [20] at 2. GCSWD contends that the proper party, Greene County, has already appeared and is defending this matter. *Id.* The Motion [20] appears to be unopposed as Plaintiffs have not filed a response, and the time for doing so has passed. *See Vedol v. Jacobs Entm't, Inc.*, 436 F. App'x 409, 410 (5th Cir. 2011) (finding that where a party fails to file a substantive response to a motion it can be viewed as unopposed). However, because under Local Uniform Civil Rule 7(b)(3)(E), the Court may not grant a dispositive motion as unopposed, it will consider the Motion [20] on its merits. L.U. Civ. R. 7(b)(3)(E).

## II. DISCUSSION

A.  Legal standard

The standard for dismissal pursuant to a Rule 12(c) motion for judgment on the pleadings is the same as the standard for a Rule 12(b)(6) motion to dismiss. *Fodge v. Trustmark Nat'l Bank*, 945 F.3d 880, 882 (5th Cir. 2019) (quoting *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017)). The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A court must accept "all well-pleaded facts as true and view those facts in

the light most favorable to the plaintiff." *Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 290 (5th Cir. 2016) (quotation omitted).

B.  Analysis

Whether GCSWD is a political subdivision capable of being sued is a matter that must be resolved according to Mississippi state law. *Crull v. City of New Braunfels*, 267 F. App'x 338, 341 (5th Cir. 2008) (citing Fed. R. Civ. P. 17(b)); *see also Tuesno v. Jackson*, No. CIVA508CV302DCBJMR, 2009 WL 1269750, at *1 (S.D. Miss. May 7, 2009); *Bradley v. City of Jackson*, No. CIVA 3:08CV261TSLJCS, 2008 WL 2381517, at *2 (S.D. Miss. June 5, 2008). In order for a plaintiff to sue a department of a city, that department must enjoy a separate legal existence. *Crull*, 267 F. App'x at 341.

The Mississippi Supreme Court has focused on the structural relationship between a county and its departments in finding that a sheriff's department does not enjoy a separate legal existence from its county. *Brown v. Thompson*, 927 So. 2d 733, 737 (Miss. 2006). Specifically, Mississippi § 19–25–13, which sets forth the procedures for budgeting and financing the sheriff's department, gives the county board of supervisors the authority to set the sheriff's department's budget and set compensation rates for deputies and other employees. *Id.* The court has found that because a sheriff's department's funds come directly from the county, that "would suggest that judgments against the sheriff or deputies are ultimately paid out of the county treasury." *Id.* As such a sheriff's department does not enjoy separate legal

4

existence from its county. *Id.* The same has been said of police departments and county jails. *Tuesno*, 2009 WL 1269750, at *1; *Bradley*, 2008 WL 2381517, at *2.

It is not clear if a similar structural relationship exists between Greene County and GCSWD. Unlike sheriff's departments, there is no statutory provision requiring the county board of supervisors to set GCSWD's budget or indicating that all of its funds come directly from the Greene County treasury. *See Brown*, 927 So. 2d at 737. Mississippi Code § 19-5-17 allows a board of supervisors,

> in its discretion, to enter into contracts, in the manner required by law, with individuals, associations or corporations for the establishment, operation and maintenance of a garbage and rubbish disposal system or systems . . . .

Miss. Code Ann. § 19-5-17.

This statute permits Greene County to enter into a contract with another entity to operate a garbage or rubbish disposal system. *See* Miss. Code Ann. § 19-5-17. If such a contract exists, it is unclear whether GCSWD's structural relationship with Greene County is such that a suit against GCSWD is a suit against Greene County. *See Crull*, 267 F. App'x at 341; *Brown*, 927 So. 2d at 737. Thus, it is not clear from the present record that a structural relationship similar to a sheriff's department and a county exists between Greene County and GCSWD. Without evidence of such a relationship, the Court cannot determine whether a judgment against GCSWD would be "ultimately paid out of the county treasury," or that a suit against GCSWD is in fact a suit against the County. *See Brown*, 927 So. 2d at 737.

Based upon the record before the Court, there is not sufficient evidence to determine whether GCSWD is a political subdivision capable of being sued. As such, its Motion for Judgment on the Pleadings should be denied without prejudice. GCSWD may reassert this defense in a properly supported motion.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Greene County Solid Waste Department's Motion [20] for Judgment on the Pleadings is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 27th day of July, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE