## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**CASANDRA JOINER and**
**MYRON POWELL, individually and**
**as the wrongful death beneficiaries**
**of TYMARIO JOINER, deceased,**
**and the Estate of TYMARIO**
**JOINER, by and through its**
**representative CASANDRA JOINER**

**PLAINTIFFS**

**v.**                                        **Civil No. 1:19cv14-HSO-JCG**

**GREENE COUNTY, MISSISSIPPI,**
**Division of the State of Mississippi,**
**GREENE COUNTY SOLID WASTE**
**DEPARTMENT, Division of the**
**State of Mississippi, and JOHN**
**DOES 1-10**

**DEFENDANTS**

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT GREENE COUNTY, MISSISSIPPI'S MOTION [22] FOR JUDGMENT ON THE PLEADINGS AS TO STATE-LAW CLAIMS AND MOTION [24] FOR JUDGMENT ON THE PLEADINGS AS TO FEDERAL CLAIMS AND DENYING AS MOOT MOTION [21] TO STRIKE ATTORNEY'S FEES

BEFORE THE COURT are Defendant Greene County, Mississippi's Motion

[21] to Strike Attorney's Fees, Motion [22] for Judgment on the Pleadings as to

State-Law Claims, and Motion [24] for Judgment on the Pleadings as to Federal

Claims. After review of the Motions, the record, and relevant legal authority, the

Court finds that Defendant's Motions [22, 24] for Judgment on the Pleadings should

be granted, and Plaintiffs' claims against Defendant Greene County, Mississippi,

1

should be dismissed.  Defendant's Motion [21] to Strike Attorney's Fees should be denied as moot.

## I.  BACKGROUND

A.    Factual Background

On March 7, 2017, Tymario Joiner ("Tymario") was an incarcerated inmate participating in the public work service program at South Mississippi Correctional Institution ("SMCI"), a facility of the Mississippi Department of Corrections ("MDOC").  First Am. Compl. [1-1] at 19.  Unfortunately, a garbage truck struck Tymario at approximately 10:30 am while he was performing his duties as a participant in the program.[1]  *Id.*  Plaintiffs Casandra Joiner and Myron Powell, individually and as the wrongful death beneficiaries of Tymario Joiner, deceased, and the Estate of Tymario Joiner, by and through its representative Casandra Joiner (collectively "Plaintiffs"), allege that MDOC and Greene County officials contacted SMCI to advise it of the incident, *id.* at 20, and that about 20 minutes later, officials transported Tymario back to SMCI where they questioned him regarding his injuries, *id.*  After approximately one and a half hours, an ambulance arrived and transported Tymario to the hospital.  *Id.*  He sustained numerous injuries from the incident and was pronounced dead at the hospital at 3:57 pm.  *Id.*

B.    Procedural History

Plaintiffs filed a Complaint on September 7, 2018, in the Circuit Court of Greene County, Mississippi, Notice of Removal [1] at 1, followed by a First

---

[1] The exact nature of the duties Tymario was performing when he was struck is unclear.

Amended Complaint on December 17, 2018, *id.* at 2. The First Amended Complaint advanced causes of action against Defendants MDOC, SMCI, Greene County, Mississippi ("Greene County"), Greene County Solid Waste Department ("GCSWD"), and John Does 1-10 under the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1, *et seq.*, and 42 U.S.C. §§ 1983 and 1988. First Am. Compl. [1-1] at 22. Plaintiffs' federal-law claims allege that Defendants denied Tymario medical care in the hours preceding his death, violating his rights under the Eighth and Fourteenth Amendments to the United States Constitution. *Id.* at 21. Plaintiffs' state-law claims are for intentional and negligent infliction of emotional distress, negligent hiring and training, and general negligence. *Id.*

Process was served on Defendants Greene County and GCSWD on December 27, 2018, Notice of Removal [1] at 2, and on January 11, 2019, Defendants Greene County and GCSWD filed a Notice of Removal in this Court, *id.* at 1. MDOC and SMCI joined in the Notice of Removal on January 16, 2019. Joinder of Notice of Removal [3] at 1. MDOC and SMCI were dismissed by an Order of the Court on September 5, 2019. *See* Order [18].

Greene County has filed a Motion [22] for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) as to Plaintiffs' state-law claims, arguing that: (1) Plaintiffs did not file a notice of claim with Greene County prior to filing suit, as required by the MTCA; (2) the suit is barred by the inmate exception to the MTCA; and (3) the statute of limitations on Plaintiffs' state-law claims has expired because they did not file a notice of claim within one year of the alleged

3

incident.  State Claims Mot. [22] at 2-3.  Plaintiffs respond that they timely served a notice of claim on Defendants on March 15, 2017, and that Greene County waived its immunity defense.  State Claims Resp. [31] at 2.  Greene County has replied arguing that it did not waive its immunity defenses, Plaintiffs' notice of claim was filed with MDOC and not Greene County, which is insufficient, and Plaintiffs' claims are barred by the discretionary function exemption and the inmate exception to the MTCA.  *See* State Claims Reply [35].  Greene County has also moved to strike Plaintiffs' request for attorney's fees as to any state-law claims.  Fees Mot. [21] at 2.

Greene County has also filed a Rule 12(c) Motion [24] for Judgment on the Pleadings as to Plaintiffs' federal claims, arguing that these claims should be dismissed because Plaintiffs have failed to properly plead a 42 U.S.C. § 1983 claim for municipal liability against Greene County.  Fed. Claims Mot. [24] at 2.  Greene County contends that Plaintiffs have not identified any policy, practice, or custom of the County of denying adequate medical care, and thus are in effect attempting to hold Greene County liable for the acts of individual employees, which constitutes an impermissible *respondeat superior* liability theory under § 1983.  *Id.* at 4.

Plaintiffs assert for the first time in their Response [34] that Greene County had a custom of not providing medical care to incarcerated individuals following injury and that the driver of the "truck"[2] received a direct order from "the Warden" or "some other person who represents official policy" to transport Tymario back to

---

[2] It is unclear whether this truck was the one that struck Tymario or whether it was the vehicle that transported Tymario back to SMCI.

SMCI.  Fed. Claims Resp. [34] at 2-3.  Greene County counters that Plaintiffs' conclusory allegations regarding its customs are insufficient, that the Warden of SMCI was a MDOC, not a Greene County, employee, and that Plaintiffs have failed to allege that a Greene County policymaker had knowledge of any such policy or that such a policy was the moving force behind any constitutional violation.  Fed. Claims Reply [36] at 4-5.

## II. DISCUSSION

### A.  Legal standard

The standard for a Rule 12(c) motion for judgment on the pleadings is the same as the standard employed for a Rule 12(b)(6) motion to dismiss.  *Fodge v. Trustmark Nat'l Bank*, 945 F.3d 880, 882 (5th Cir. 2019) (quoting *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017)).  The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Id.*  A court must accept "all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff."  *Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 290 (5th Cir. 2016) (quotation omitted).  The court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

### B.  Greene County's Motion [24] for Judgment on the Pleadings as to Federal Claims

#### 1.  Municipal liability under § 1983

Plaintiffs seek to hold Greene County liable under 42 U.S.C. § 1983 based upon a theory of municipal liability.  First Am. Compl. [1-1] at 22.  Municipalities

cannot be held vicariously liable for the actions of their officials under 42 U.S.C. § 1983. *Jauch v. Choctaw Cty.*, 874 F.3d 425, 435 (5th Cir. 2017) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692-93 (1978)).  Proof of municipal liability requires: "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)."  *Id.* (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)).

An official policy or custom exists when there is a decision of a government's lawmakers, an act of its policymaking officials, or a practice so persistent and widespread as to practically have the force of law.  *Connick v. Thompson*, 563 U.S. 51, 61 (2011).  To proceed beyond the pleading stage, a complaint's "description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts."  *Pena v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (alterations omitted).

2.    Plaintiffs' claims in the Amended Complaint

The Amended Complaint alleges that an agent or representative of MDOC and/or Greene County was operating the garbage truck that struck Tymario, and that unidentified Greene County officials at the scene refused to provide him medical attention.  First Am. Compl. [1-1] at 19-20.  Plaintiffs further assert that after transporting Tymario to SCMI, unidentified Greene County officials interrogated Tymario regarding his injuries and refused to provide him with necessary medical attention.  *Id.* at 20.  Plaintiffs maintain that Greene County's

negligent hiring, negligent training, and failure to render medical attention violated Tymario's Eighth and Fourteenth Amendment rights. *Id.* at 21. Nowhere in the Amended Complaint do Plaintiffs allege that Greene County had an official custom or policy of not providing medical care to incarcerated individuals following an injury, or that any of these unnamed Greene County officials were policymaking officials, as opposed to lower level employees. *See generally id.*

Plaintiffs' Amended Complaint is devoid of any specific facts identifying or describing a persistent and widespread practice of Greene County of failing to render medical attention to incarcerated individuals. *See* First Am. Compl. [1-1]. There is no indication of any actions taken by policymaking officials, nor is there an assertion that a policymaker of Greene County made any of the decisions that led to Tymario's inadequate medical care. Further, although the First Amended Complaint does contain the conclusory statement that Greene County was negligent in hiring employees and failed to train them, no additional facts are alleged to support or explain the basis of these theories. Such conclusory labels or assertions are insufficient to describe a policy or custom leading to the deprivation of Tymario's rights. As such, the Amended Complaint fails to state a claim for municipal liability against Greene County upon which relief can be granted.

3.   New claims raised for the first time in response

For the first time in Plaintiffs' Response to Greene County's Motion, they allege that "Greene County had/has a custom of not providing medical care to inmates following injury." Fed. Claims Resp. [34] at 2. As evidence of the policy or

custom, Plaintiffs claim that "the driver of the truck received a direct order from the Warden or some other person who represents official policy to bring Tymario back to prison." *Id.* Further, Plaintiff contends that "[t]he driver and other prison officials acted with deliberate indifference to Tymario's needs by refusing to render medical care." *Id.* at 3. In doing so, they claim that "Greene County followed their custom of not rendering emergency or adequate medical care." *Id.*

When a plaintiff makes new allegations for the first time in a response to a Rule 12 motion, courts generally treat such new claims as a motion to amend and consider the additional allegations raised in the response. *See Davis v. Hinds Cty.*, No. 3:16CV674-DPJ-FKB, 2017 WL 2269010, at *11 (S.D. Miss. May 23, 2017), amended in part, No. 3:16-CV-674-DPJ-FKB, 2017 WL 7792267 (S.D. Miss. Nov. 29, 2017) (construing a new claim in a response to a motion for judgment on the pleadings as a motion to amend the complaint); *see also Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992) (holding that new allegation asserted in response to dismissal motion should have been treated as a motion to amend); *King v. Life Sch.*, 809 F. Supp. 2d 572, 581 (N.D. Tex. 2011) ("When a pro se plaintiff raises a new claim for the first time in response to a motion to dismiss, the district court should construe the new claim as a motion to amend the complaint . . ."). Plaintiffs are not pro se, but out of an abundance of caution the Court will construe Plaintiffs' new allegations raised in their Response as a motion to amend and will consider these allegations on their merits.

Initially, it bears pointing out that the record appears beyond dispute that Tymario was incarcerated at SMCI, a MDOC facility, 0not by Greene County and that the Warden and prison officials were employees of MDOC, and not Greene County. First Am. Compl. [1-1] at 19; *Williams v. Banks*, No. 1:15-CV-394-JCG, 2017 WL 4271826, at *3 (S.D. Miss. Sept. 26, 2017), aff'd, 956 F.3d 808 (5th Cir. 2020) (finding that the Warden of SMCI and SMCI employees are employees of MDOC). Their actions have no bearing on Greene County's municipal liability as these would not be decisions attributable to Greene County lawmakers, actions of Greene County policymakers, or practices of Greene County. Plaintiffs have not identified in their Response any specific facts regarding the nature of any practice of Greene County of not rendering adequate medical care, nor have they identified some "other person who represents official policy" for Greene County who made the decision to return Tymario back to SMCI. Such conclusory allegations are insufficient to plead a claim for municipal liability under 42 U.S.C. § 1983. Thus, even considering the new claims advanced in Plaintiffs' Response, they are insufficient to state a federal claim under 42 U.S.C. § 1983 against Greene County, and the federal claims against Greene County should be dismissed.

C.   Greene County's Motion [22] for Judgment on the Pleadings as to State-Law Claims

Plaintiffs also raise state-law claims against Greene County for negligence under the MTCA. First Am. Compl. [1-1] at 22. Greene County contends that these claims should be dismissed because it enjoys immunity from them under the inmate and discretionary function exemptions to the MTCA, and because Plaintiffs did not

9

file a notice of claim with Greene County prior to filing suit.  Plaintiffs maintain

that Greene County has waived these defenses because it failed to pursue them.

1.    <u>Whether Greene County waived its immunity defenses</u>

In a diversity action the

substantive state law determines what constitutes an affirmative
defense.  However, "the Federal Rules of Civil Procedure provide the
manner and time in which defenses are raised and when waiver occurs."

*Bryant v. Wyeth, Inc.*, 816 F. Supp. 2d 329, 332 (S.D. Miss. 2011), aff'd, 487 F. App'x

207 (5th Cir. 2012) (quoting *Arismendez v. Nightingale Home Health Care, Inc.*, 493

F.3d 602, 610 (5th Cir. 2007)); *see Pardue v. Jackson Cty.*, No. 1:14-CV-290-KS-

MTP, 2016 WL 3024153, at *7 (S.D. Miss. May 25, 2016) (applying the Federal

Rules of Civil Procedure to determine if MTCA defenses had been waived).

The Mississippi Supreme Court "considers MTCA immunity as an affirmative

defense." *Acadia Ins. Co. v. Hinds Cty. Sch. Dist.*, No. 3:12-CV-188-CWR-LRA, 2013

WL 2182799, at *3 (S.D. Miss. May 20, 2013) (quoting *Estate of Grimes v.

Warrington*, 982 So. 2d 365, 370 (Miss. 2008)).  In federal court, a defendant waives

an affirmative defense when it does not plead it "in its first responsive pleading."

*Bayou Fleet, Inc. v. Alexander*, 234 F.3d 852, 860 (5th Cir. 2000) (citation omitted);

*see* Fed. R. Civ. P. 8(c)(1).

In its Answer, Greene County raised as an affirmative defense "every

privilege, immunity, restriction, and/or limitation of the Mississippi Tort Claims

Act."  Answer [7] at 2.  Because Greene County raised its MTCA defenses in its

Answer, which was its first responsive pleading, it has not waived them.  *See Bayou Fleet, Inc.*, 234 F.3d at 860.

2.  <u>Whether Plaintiffs complied with the MTCA's notice of claim requirement</u>

Greene County argues that Plaintiffs never filed a notice of claim with Greene County as required by the MTCA.  State Claims Mot. [22] at 2-3.  Plaintiffs suing Mississippi state officials or entities must abide by the MTCA.  *Harden v. Field Mem'l Cmty. Hosp.*, 265 F. App'x 405, 409 (5th Cir. 2008) (citing *City of Jackson v. Brister*, 838 So. 2d 274, 278 (Miss. 2003) ("The MTCA is the exclusive remedy for filing a lawsuit against governmental entities and its employees.")).  Under the MTCA, a person must "file a notice of claim with the chief executive officer of the governmental entity" at least ninety days "before instituting suit." *Gibson v. Kilpatrick*, 838 F.3d 476, 487-88 (5th Cir. 2016) (quoting Miss. Code Ann. § 11-46-11).  If the governmental entity is a county, then service of the notice of claim must be made upon the chancery clerk for the county sued.  Miss. Code. Ann. § 11-46-11(2)(a)(i)(1).  Compliance with the notice requirements of the MTCA "is a hard-edged, mandatory rule which the [Mississippi Supreme Court] strictly enforces." *Price v. Clark*, 21 So. 3d 509, 519 (Miss. 2009) (internal citation and quotation omitted)); *see* Miss. Code Ann. § 11-46-11.

Plaintiffs claim that they complied with the notice requirements under the MTCA because "[o]n or about March 15, 2017, an administrative claim on plaintiffs' behalf was received by the Mississippi Department of Corrections."  First Am. Compl. [1-1] at 22.  This ignores the fact that MDOC, a state entity, is entirely

separate from Greene County.  To properly file a notice of claim upon Greene County, Mississippi Code § 11-46-11 requires the Chancery Clerk of Greene County to be served, not MDOC.  Plaintiffs do not claim to have ever filed a notice of claim with Greene County, nor do they claim to have served the Chancery Clerk of Greene County with any such notice.  *See* First Am. Compl. [1-1]; State Claims Resp. [31].  Based upon the pleadings, Plaintiffs did not comply with the notice of claim requirement under the MTCA as to Greene County.  Therefore, the Court must dismiss Plaintiffs' state-law claims against Greene County for failure to comply with the MTCA's mandatory notice requirement.

3.    <u>Whether the statute of limitations has expired on Plaintiffs' state-law claims</u>

Greene County also takes the position that because Plaintiffs did not file a notice of claim with Greene County within one year of the alleged incident, the statute of limitations under the MTCA has expired.  State Claims Mem. [23] at 4-5; State Claims Reply [35] at 7 n.1.  Plaintiffs did not address Greene County's statute of limitations argument in their Response.  *See* State Claims Resp. [31].

Section 11-46-11(3)(a) of the MTCA provides that

all actions under  this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after, except that filing a notice of claim within the required one-year period will toll the statute of limitations for ninety-five (95) days from the date the chief executive officer of the state entity or the chief executive officer or other statutorily designated official of a political subdivision receives the notice of claim.

Miss. Code Ann. § 11-46-11(a).  Once a claimant receives a notice of denial of the claim or the tolling period expires, they have an additional 90 days to file suit. Miss. Code Ann. § 11-46-11(b).

The allegedly actionable conduct in this case occurred on March 7, 2017. First Am. Compl. [1-1] at 19.  Plaintiffs did not file a notice of claim with Greene County, so no tolling occured.  *See* Miss. Code Ann. § 11-46-11.  Therefore, the statute of limitations expired on March 7, 2018, and Plaintiffs filed this suit on September 7, 2018.  Notice of Removal [1] at 1.  By the time Plaintiffs filed their claims against Greene County, the MTCA's statute of limitations had already expired.  Plaintiffs' state-law claims against Greene County must be dismissed for this reason as well.

D.    <u>Greene County's Motion [21] to Strike Attorney's Fees</u>

Because the Court finds that all claims against Greene County should be dismissed, its Motion to Strike Attorney's Fees is moot.

### III.  <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Greene County, Mississippi's Motion [22] for Judgment on the Pleadings as to State-Law Claims and its Motion [24] for Judgment on the Pleadings as to Federal Claims are **GRANTED**.  Defendant Greene County, Mississippi's Motion [21] to Strike Attorney's Fees is **DENIED AS MOOT**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiffs' claims against Defendant Greene County, Mississippi, are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 7th day of August, 2020.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE